**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Robert Perkins, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:26-cv-01599-KPE |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| The Prudential | § | |
| Insurance Company of | § | |
| America, | | |
| Defendant. | | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

**1. State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

The conference was held by telephone and email on June 10, 2026 as follows:

For the plaintiff

Lionel James "Lonnie" Roach
Bemis Roach & Reed
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000
lonnie@brrlaw.com

For the defendant

Nathan Lusignan (appearing *pro hac vice*)
Seyfarth Shaw LLP
233 S. Wacker Dr., Ste. 8000
Chicago, IL 60606
(312) 460-5550

1

326497428v.2

nlusignan@seyfarth.com

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

   Plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks long-term disability ("LTD") benefits under an employee welfare benefits plan (the "plan"), in which Plaintiff was at certain times a participant. Prudential insures the benefits at issue. Prudential terminated Plaintiff's claim for LTD benefits under the terms of the plan. Plaintiff disputes this determination and seeks to recover LTD benefits. Prudential denies that Plaintiff is entitled to any relief in this action, denies that it violated any provision of the plan or ERISA, and denies that it is liable to Plaintiff.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

   Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

   The parties do not anticipate additional parties at this time.

6. **List any anticipated interventions. Briefly explain why.**

   The parties do not anticipate a third party seeking to intervene at this time.

2

326497428v.2

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   None.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   The parties agree that this case is exempt from the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(B) because this is an action for review on an administrative record. In lieu of Fed. R. Civ. P. 26(a)(1)(B) disclosures, Prudential will produce the Administrative Record to Plaintiff, in pdf format, on or before July 14, 2026.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

   None. The parties agree that, because this lawsuit involves solely a claim for benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), discovery is limited to the administrative record.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

    The parties agree that with respect to discovery, because this matter is an ERISA governed claim for benefits, discovery is limited to the Administrative Record, and any conflict of interest discovery must be closely linked to the purpose for which such information is relevant and the purpose of ERISA. *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (holding that "[b]ecause our review of an

3

ERISA benefits determination is essentially analogous to a review of an administrative agency decision, district courts must monitor discovery closely. Accordingly, district courts must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b).").  Indeed, even if the Court applies a *de novo* standard of review, discovery in this matter is limited to the Administrative Record, save for two narrow topics set forth in *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 256 (5th Cir. 2018). Therefore, Prudential opposes any discovery beyond the Administrative Record, and is prepared to brief the appropriateness of any deposition or discovery requests by Plaintiff. At this time, Prudential does not know what discovery will be sought and thus cannot say whether it would constitute permissible conflict-of-interest discovery.

**b.  When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Plaintiff does not anticipate sending interrogatories.

**c.  When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Prudential does not anticipate that it will send any interrogatories. Prudential states that because this case is a claim for benefits from an employee benefit plan subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., the case should be decided on the administrative record and that no discovery beyond the administrative record of Plaintiff's claim is appropriate in this case.  If Plaintiff serves Prudential with discovery requests, Prudential is prepared to brief the appropriateness of such requests.

4

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Plaintiff does not anticipate taking oral depositions.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Prudential does not anticipate that it will take oral depositions. Prudential states that because this case is a claim for benefits from an employee benefit plan subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., the case should be decided on the administrative record and that no discovery beyond the administrative record of Plaintiff's claim is appropriate in this case. If Plaintiff serves Prudential with discovery requests, Prudential is prepared to brief the appropriateness of such requests. Additionally, if the Court allows depositions, Prudential reserves the right to seek depositions of Plaintiff and/or Plaintiff's treating physicians.

f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

Not applicable.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Not applicable.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

5

Prudential does not anticipate that it will use an expert and does not believe expert discovery should be permitted. If the Court allows expert discovery, Prudential reserves the right to identify experts and to seek depositions of Plaintiff's experts.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

See responses to Par. 10(a).

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date by which the parties can reasonably complete the planned discovery.**

The parties agree that discovery will likely be limited to the Administrative Record. If any discovery beyond the Administrative Record is permitted, however, the parties agree it can reasonably be completed by December 11, 2026.

14. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Counsel for the parties have conferred regarding the possibility of early settlement and will continue to do so, as appropriate, throughout the development of this matter.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is reasonably suitable as an alternate method of resolution. Mediation would be appropriate after the parties exhaust informal settlement discussions.

6

326497428v.2

16. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not consent to trial before a magistrate judge.

17. **Identify any party that has made a jury demand and whether it was timely.**

    No jury was demanded.

18. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

    The plaintiff believes that the evidence in this case, which will be limited to the administrative record, can be submitted by agreement before trial.  Should the Court require a hearing, Plaintiff believes that it would require two hours.

    The defendant believes that because this is a matter governed by ERISA, the case can be resolved by cross-motions for summary judgment. Should the Court require a hearing, Defendant expects that the bench trial/hearing will take approximately one day to complete.

19. **List pending motions the Court could resolve at the initial pretrial conference.**

    None.

20. **List other pending motions.**

    There are no motions pending at the time of filing.

21. **List all other matters that deserve attention of the Court at the initial pretrial conference.**

    None known by the parties.

22. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order.**

326497428v.2

**Clearly indicate any disagreements with reasons in support of the requests made.**

The proposed scheduling order is attached hereto.

23. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    The plaintiff filed her disclosure on March 11, 2026.

    The defendant filed its disclosure on April 27, 2026.

24. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

    Not applicable.

25. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

    For the plaintiff,

    Lionel James Roach
    Bemis, Roach and Reed
    4100 Duval Rd, Bldg 1, Ste. 200
    Austin, TX 78759
    512-454-4000
    [lonnie@brrlaw.com](mailto:lonnie@brrlaw.com)

    Texas Bar No. 16967600
    S. Dist. Bar No. 377174

    Daniel Earl Messenter
    Texas Bar No. 24128571
    S. Dist. Bar No. 3768725

8

For the defendant,

Ian H. Morrison
Nathan Lusignan (*pro hac vice*)
Seyfarth Shaw LLP
233 S. Wacker Dr.
Ste. 8000
Chicago, IL 60606
(312) 460-5550
imorrison@seyfarth.com
nlusignan@seyfarth.com

Respectfully submitted,


June 12, 2026                    /s/ *Lonnie Roach*
      Date                      Lionel James Roach
                                Bemis, Roach and Reed
                                4100 Duval Rd, Bldg 1,
                                Ste. 200
                                Austin, TX 78759
                                512-454-4000
                                lonnie@brrlaw.com


June 12, 2026                    /s/ *Nathan Lusignan*
      Date                      Nathan Lusignan (*pro hac vice*)
                                Seyfarth Shaw LLP
                                233 S. Wacker Dr.
                                Ste. 8000
                                Chicago, IL 60606
                                (312) 460-5550
                                nlusignan@seyfarth.com

9

326497428v.2